J-S36006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK KEVIN ANDREWS | |
| Appellant | No. 1433 MDA 2015 |

Appeal from the Order June 23, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003479-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK KEVIN ANDREWS | |
| Appellant | No. 1434 MDA 2015 |

Appeal from the Order August 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003479-2011

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                **FILED JULY 13, 2016**

In these consolidated appeals, Appellant, Mark Kevin Andrews, appeals

from two orders entered June 23, 2015 and August 4, 2015, respectively,

each denying one of Appellant's similar motions for relief.   After careful

_____

[*] Former Justice specially assigned to the Superior Court.

review, we affirm, albeit on different grounds than those relied on by the trial court.

Our review of the certified record discloses the following procedural history of this case.  On July 12, 2011, Appellant was charged with one count of robbery employing a threat of immediate serious bodily injury.[1]  On April 5, 2012, a jury convicted Appellant of the sole charge.  On May 30, 2012, the trial court sentenced Appellant to a term of 72 to 144 months' incarceration plus a $1,000.00 fine.  Appellant filed a timely post-sentence motion, which the trial court denied on July 10, 2012.  Appellant filed a timely notice of appeal on August 8, 2012.  Subsequently, Appellant filed a praecipe with this Court to discontinue his appeal, which this Court certified on September 6, 2012.

In the meantime, on August 31, 2012, Appellant filed a premature *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following the withdrawal of Appellant's direct appeal, the PCRA court appointed counsel to represent Appellant in the ripened PCRA action.  On December 24, 2012, counsel filed a combined motion to withdraw and **Turner/Finley**[2] letter.  On February 6, 2013, in compliance with Pennsylvania Rule of Criminal Procedure 907, the PCRA court filed a

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

notice of its intent to dismiss Appellant's *pro se* PCRA petition without a hearing and to grant counsel's motion to withdraw. Appellant did not file any response to counsel's motion to withdraw or the PCRA court's notice of intent to dismiss. The PCRA court dismissed Appellant's *pro se* PCRA petition on March 4, 2013. Appellant filed a *pro se* notice of appeal on April 4, 2013. On May 1, 2014, this Court dismissed Appellant's appeal because he failed to file a brief.

On May 11, 2015, Appellant filed a *pro se* "Motion for Relief Due to the Use of Psychotropic Drugs and for the Mental Side Effects." The Commonwealth filed a response to the motion on June 17, 2015.[3] Thereafter, on June 23, 2015, the trial court dismissed the motion. Appellant filed a timely *pro se* notice of appeal on July 23, 2015.[4] On July 27, 2015, Appellant refiled a copy of his May 11, 2015 motion. On August 4,

---

[3] In its response, the Commonwealth argued Appellant's issues "could have been addressed in a timely post-sentence motion or in filing a direct appeal…." Commonwealth's Response, 6/17/15, at 2, ¶ 5. The Commonwealth urged the trial court to dismiss Appellant's motion as an untimely post-sentence motion. *Id.* at 2, ¶ 6. This was the basis upon which the trial court relied in dismissing Appellant's motion. Trial Court Statement in Lieu of Memorandum Opinion, 9/3/15, at 2.

[4] In his notice of appeal, Appellant inadvertently misstates the date of the order appealed from as being July 17, 2015. In addition, the same day Appellant filed his notice of appeal, Appellant filed a *pro se* "(Post Verdict) Motion for Relief Due to the Use of Psychotropic Drugs and the Mental Side Effects." On July 30, 2015, the trial court denied the motion. Appellant has not appealed that decision. We also note that, although entered into the trial court docket and included in the clerk of court's list of documents transmitted, the July 30, 2015 order is absent from the certified record.

2015, the trial court entered orders denying Appellant's July 27, 2015 refiled motion. Appellant filed a notice of appeal from the August 4, 2015 order on August 12, 2015.[5]

On September 2, 2015, the trial court ordered Appellant to file, within 21 days, a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). The trial court did not specify to which notice of appeal its order was directed. On September 3, 2015, the trial court filed a "Statement in Lieu of Memorandum Opinion," addressing its reasons for denying all of Appellant's motions. Appellant filed a Rule 1925(b) statement, which was received and filed on September 28, 2015.[6]

---

[5] Appellant, again, inadvertently misstates the date of the order appealed from as being August 10, 2015. This Court *sua sponte* consolidated the appeals on September 9, 2015. **See generally** Pa.R.A.P. 513.

[6] In its brief, the Commonwealth urged this Court to deem all of Appellant's issues waived for the late filing of his Rule 1925(b) statement. Commonwealth's Brief at 6-7. The Commonwealth acknowledges the prisoner mailbox rule.

> [The Superior[ Court] has held that "[u]nder the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). For the prisoner mailbox rule to apply, a litigant must supply proof regarding the date of mailing the document. **Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998).

*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues for our review.

> I. Trial [court] [d]idn't ask [A]ppellant, nor his Public Defender, was [A]ppellant [c]ompetent to stand trial.
>
> II. No psychiatric or mental examinations were done on [A]ppellant by the [trial court].
>
> III. The [P]ublic Defendaer[sic], Joe Gavazzo knew that [A]ppellant was on many psychotropic drugs, and failed to tell the [trial court], while [A]ppellant was on trial.
>
> IV. On [A]ppellants m[]otion for [r]elief do [sic] to the use of psychotropic drugs, and mental side effects the [trial court] gave his decision from the District A[]ttorney Opinion, not given by him on the order he sent [A]ppellant.
>
> V. [A]ppellant['s] [c]ase was in the Superior Court, and the [trial c]ourt [] made a[n] order for [A]ppellant to do a 1925(b).

Appellant's Brief at 4.

Before we can address Appellant's issues, we must clarify the proper procedural posture of this case. Although, in his various motions for relief, Appellant referenced Pennsylvania Rule of Criminal Procedure 720 (pertaining to post-sentence motions), we have repeatedly held that a filing

_(Footnote Continued)_ ────────

***Id.*** at 7. In his reply brief to this Court, Appellant invokes the prisoner mailbox rule and supplied a copy of a monthly account statement, and a cash slip from the Department of Corrections, showing submission for mailing to the prison authorities on September 22, 2015. Accordingly, we deem Appellant's Rule 1925(b) statement timely filed.

by a defendant seeking relief, after his judgment of sentence is final, should be considered a petition for PCRA relief.

> In ***Commonwealth v. Fowler***, 930 A.2d 586 (Pa. Super. 2007), the learned Judge[] collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. ***Id.*** at 591 (citing ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002)); ***Commonwealth v. Evans***, 866 A.2d 442 (Pa. Super. 2005); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000).

***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (determining the lower court erred in treating Appellant's filing as an untimely post-sentence motion, and noting "[u]nless the PCRA could not provide a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*"). "There is no requirement that a PCRA petition be on any particular form," and Appellant's characterization of his filing is not determinative. ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000). That Appellant's unartfully expressed claims may be considered previously litigated or waived does not remove his motion from being considered a PCRA petition. ***Taylor***, ***supra***. We therefore conclude the trial court should have treated Appellant's May 11, 2015 motion as his second PCRA petition.[7]

---

[7] Appellant's July 23, 2015, and July 27, 2015 motions would be considered premature serial PCRA petitions, which, because his second PCRA petition was pending on appeal, the PCRA court did not have authority to consider. ***Commonwealth v. Lark****, 746 A.2d 585, 588 (Pa. 2000).

Notwithstanding the foregoing, we also conclude the trial court was correct to dismiss Appellant's motion even when treated as a PCRA petition.[8] "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). The timeliness of Appellant's petition is our threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." **Commonwealth v. Cristina**, 114 A.3d 419, 421 (Pa. Super. 2015) (citations omitted), *vacated on other grounds*, 131 A.3d 419 (Pa. 2016). "Under the PCRA, any petition for post-conviction relief… must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies."[9] **Id.** "The period for filing a PCRA petition is

_____

[8] We note the trial court did not issue a notice of intent to dismiss as required by Pa.R.Crim.P. 907. However, Appellant has not challenged that non-compliance and any issue regarding the lack of notice is waived. **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007). Additionally, we are not obliged to reverse or remand for a proper notice if the petition itself is untimely. **See Commonwealth v. Davis**, 916 A.2d 1206, 1207-1208 (Pa. Super. 2007), *citing* **Commonwealth v. Pursell**, 749 A.2d 911, 917 n.7 (Pa. 2000).

[9] The statute sets forth those exceptions as follows.
*(Footnote Continued Next Page)*

not subject to the doctrine of equitable tolling; instead, the time for filing a

PCRA petition can be extended only if the PCRA permits it to be extended."

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

…

42 Pa.C.S.A. § 9545(b)(1).

*Commonwealth v. Miller*, 102 A.3d 988, 992-993 (Pa. Super. 2014) (internal quotation marks and citation omitted).

In this case, Appellant's judgment of sentence became final on September 6, 2012, when he voluntarily discontinued his direct appeal. ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (noting, "judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily"), *citing* ***Commonwealth v. Conway***, 706 A.2d 1243 (Pa. Super 1997); ***see also generally*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until September 6, 2013, to file a timely PCRA petition unless he could plead and prove the application of one of the listed exceptions. ***See id.*** § 9545(b)(1). Therefore, Appellant's May 11, 2015 *pro se* PCRA petition is facially untimely, and it became incumbent upon him to plead and prove the applicability of one or more of the enumerated exceptions in order to invoke the jurisdiction of the PCRA court. ***See Cristina***, ***supra***.

Instantly, Appellant makes no assertion or argument that any of the enumerated exceptions applies. We acknowledge that Appellant makes a superficial claim in his brief of after-discovered evidence as justifying an issue to be raised in a post-trial motion. Appellant's Brief at 13, *citing* Pa.R.Crim.P. 720(C). Appellant does not identify that evidence. His chief contention is that he was taking various prescribed psychotropic medications during critical periods of his case. Appellant's Brief at 9-10. "[T]he general

rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements."

***Commonwealth v. Monaco***, 996 A.2d 1076, 1081 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 1210 (Pa. 2011).

In light of the foregoing, we conclude the trial court properly dismissed Appellant's May 11, 2015 motion, albeit for different reasons than those expressed by the trial court. We conclude Appellant's motion is an untimely second PCRA petition, and that the trial court and this Court lack jurisdiction to address its merits. Therefore, we affirm the trial court's June 23, 2015 order. Additionally, we affirm the trial court's August 4, 2015 order as a dismissal of a premature serial PCRA petition.[10]

Orders affirmed. Motion for special relief denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016

---

[10] On October 20, 2015, Appellant filed a motion for special relief with this Court. Appellant's application appears merely to be a reiteration of the merits of his issues presented to the trial court and on appeal. In light of our disposition above, we deny Appellants Motion as moot.